UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JAYANTHI ATHUKORALA,

                    Plaintiff,                    Docket No:

                                                      **COMPLAINT**

    - against -

TRADER JOE'S EAST, INC. d/b/a TRADER JOE'S.     JURY DEMANDED

                    Defendant.
-----------------------------------------------------------------x

      Plaintiffs, through her attorneys, CHARLES C. DESTEFANO, ESQ., complaining of the defendant, alleges as follows:

      FIRST: That at all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Richmond, City and State of New York.

      SECOND: Upon information and belief, and at all times hereinafter mentioned, the defendant, TRADER'S JOE'S EAST, INC. d/b/a TRADER JOE'S (hereinafter "TRADER JOE'S) was and still is a foreign business corporation, organized and existing pursuant to the law of the state of Massachusetts and is authorized to do business in the state of New York.

      THIRD: That jurisdiction properly lies with the Federal District Court by virtue of the diversity of the citizenship of the plaintiff and defendant as set forth in Title 28 U.S.C. Section 1332 and the nature of this action being over the amount in question, exceeding the sum of SEVENTY FIVE THOUSAND AND 00/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

      FOURTH:    Upon information and belief, and at all times hereinafter mentioned, the defendant, TRADER JOE'S, maintains a supermarket located at 2385 Richmond Avenue, County

of Richmond, City and State of New York, (hereinafter referred to as "the premises").

FIFTH: Defendant TRADER JOE'S is vicariously liable for the actions of its employees during the course and scope of their employment.

SIXTH: That on the 6th day of October, 2020, at approximately 12:00 p.m., the plaintiff, JAYANTHI ATHUKORALA, was lawfully and properly upon said premises, when suddenly, and without warning or notice, plaintiff was caused and did become seriously injured when an employee of defendant pushing a shopping cart loaded with merchandise struck plaintiff, knocking her to the ground.

SEVENTH: That the accident herein and the injuries resulting to the plaintiff, JAYANTHI ATHUKORALA, were caused by reason of the negligence and carelessness of the defendant, their agents, servants and/or employees, in creating, causing, permitting and/or allowing a dangerous condition to exist and be on the defendant's premises; to be, become and remain in a dangerous, unsafe, and improper condition; in creating, causing, permitting, and/or allowing said personal property to be and remain in an unsafe, improper, and dangerous condition; in failing to remedy said dangerous condition; specifically in stacking the said shopping cart too high with merchandise so as not to be able to observe customers, and in not failing to yield to customers while pushing the shopping cart, in not taking proper precautions pushing the shopping cart and in not checking for nearby customers before proceeding with said shopping cart and in being generally negligent and careless under the circumstances.

EIGHTH: That upon information and belief, the aforementioned dangerous condition was created by defendants.

NINETH: That defendants, their servants, supervisors, agents, shareholders, and/or employees permitted the existence of the dangerous condition, allowed the dangerous

condition to be created, and allowed the dangerous condition to remain; and that defendants knew or should have known of the dangerous condition if they had exercised due diligence and reasonable care.

TENTH: That by reason of the aforesaid accident, plaintiff, JAYANTHI ATHUKORALA was rendered sick, lame and disabled; suffered, still suffers, and will continue to suffer for some time to come from great physical and mental pain; permanent bodily injuries and nervous shock; has expended, and will in the future be required to expend, great and considerable sums of money for hospital, medical care and treatment; and was incapacitated from attending to her usual duties, all to her damage in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE,** the plaintiff, JAYANTHI ATHUKORALA demands judgment against the defendants, in the amounts sought in theses causes of action which exceed the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction, and amounts to be determined at the trial of this action, together with the costs and disbursements of this action.

DATED: Staten Island, New York
June 7, 2019

Law Office of Charles C. DeStefano

_____
CHARLES C. DESTEFANO, ESQ.
Attorneys for Plaintiff
1082 Victory Blvd.
Staten Island, New York 10301
718-390-0580

TO:    Trader Joe's East Inc.
        c/o Paracorp Incorporated
        2804 Gateway Oaks Drive, #100
        Sacramento CA 95833